IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

MICHAEL WINSLOW,

        Plaintiff,

  v.

HOTBOX FARMS, LLC; SNJ ONLINE, LLC; DUSTY B LLC; and STEVEN MELAND,

        Defendants.

Case No. 2:24-cv-01002-HL

**FINDINGS AND RECOMMENDATION**

_____

HALLMAN, United States Magistrate Judge:

      Plaintiff Michael Winslow brings these claims against Defendants Hotbox Farms, LLC ("Hotbox Farms"), SNJ Online LLC ("SNJ"), Dusty B LLC ("Dusty B"), and Steve Meland. Second Am. Compl. ("SAC"), ECF 19. Plaintiff's Complaint includes two counts of negligence per se and one count of negligence against Hotbox Farms, SNJ, and Dusty B, and it includes one count of negligence against Meland. SAC ¶¶ 11–25. This matter now comes before the Court on Hotbox Farms', SNJ's, and Meland's ("Hotbox Defendants") Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for failing to state a claim for relief. ECF 29. For the reasons discussed below,

PAGE 1 – FINDINGS AND RECOMMENDATION

the Hotbox Defendants' Motion should be GRANTED, and Plaintiff should be granted leave to amend.[1]

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and accepted as true for the purposes of evaluating the Hotbox Defendants' Motion to Dismiss. *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (explaining that a court must accept as true the allegations in the complaint and construe them in favor of the plaintiff).[2]

Plaintiff worked as a pipelayer for Warrington Construction. SAC ¶ 5. Warrington Construction, which is not a party to this lawsuit, was a subcontractor on the construction of the Cookies Ontario cannabis dispensary. *Id.* at ¶¶ 1, 5.

Hotbox Farms and SNJ are Oregon limited liability companies and either one or both are the owners of the Cookies Ontario project. *Id.* at ¶ 2. Meland was a member of Hotbox Farms and SNJ. *Id.* at ¶ 3. And Dusty B was a general contractor on the Cookies Ontario project. *Id.* at ¶ 4.

On February 17, 2023, Plaintiff "was working within an excavation on the Cookies Ontario jobsite when the excavation caved in, injuring him." *Id.* at ¶ 7. The excavation was "a 'tie-in' to the sewer main, [and it] was approximately 20 feet long, four feet wide, and nine feet deep." *Id.* When the excavation collapsed, Plaintiff "suffered serious, permanent and disabling injuries[.]" *Id.* at ¶ 8.

---

[1] This Court concludes that this matter is proper for resolution without oral argument.

[2] Because this Court looks only to the allegations in the Complaint, it will not consider the additional facts provided in Defendants' Response and supporting declaration. Resp. 2–3, ECF 32; Piucci Decl. ¶ 6, ECF 33.

Plaintiff first filed this Complaint on June 24, 2024. ECF 1. He filed his First Amended Complaint, which added Dusty B as a defendant, on November 4, 2024. ECF 15. And Plaintiff filed this Second Amended Complaint, which added Meland as a defendant, on November 25, 2024. ECF 19.

Plaintiff brings two claims of negligence per se based on alleged violations of Oregon's Employer Liability Law, Or. Rev. Stat. ("ORS") §§ 654.305, 654.310, and two claims of negligence under Oregon common law. SAC ¶¶ 11–25. Plaintiff alleges that his work in the excavation "was work involving risk or danger." *Id.* at ¶ 11. He further alleges that each defendant "retained the right to control the work or instrumentality causing harm," and at the time of the injury, each "actually controlled the work or instrumentality causing harm." *Id.* at ¶¶ 13–14.

As to Defendants Hotbox Farms, SNJ, and Dusty B, he alleges that they failed to "use every device, care and precaution which was practicable to use for the protection and safety of employees." *Id.* at ¶ 15. Specifically, their negligent actions included failing to (1) ensure that "shoring or another adequate protection system was in place to protect workers within the excavation," (2) have a "competent person examine[] the excavation to verify that there was no indication of a potential cave-in," (3) "provide adequate protection from falling or rolling loose rock or soil from an excavation face," (4) "inspect the excavations and adjacent areas daily," (5) have "the site inspected by a qualified inspector," and (6) remedy deficiencies or unsafe conditions which would be found by such an inspection." *Id.*; *see also id.* at ¶¶ 19, 22. Plaintiff was injured as a result of that negligence. *Id.* at ¶¶ 16, 23.

He also alleges that Meland was negligent in his role. *Id.* at ¶ 24. Specifically, he (1) "allow[ed] work to proceed on the project without the supervision of a general contractor," (2)

PAGE 3 – FINDINGS AND RECOMMENDATION

allowed excavation work "to proceed on the project without the supervision of a general contractor," (3) "fail[ed] to appropriately supervise the jobsite," (4) "fail[ed] to see that shoring or another adequate protection system was in place to protect workers within the excavation," (5) "fail[ed] to see that a competent person examined the excavation to verify that there was no indication of a potential cave-in," (6) "fail[ed] to provide adequate protection from falling or rolling loose rock or soil from an excavation face," (7) "fail[ed] to inspect the excavations and adjacent areas daily," (8) "fail[ed] to see that the site was inspected by a qualified inspector," and (9) "fail[ed] to remedy deficiencies or unsafe conditions which would be found by such an inspection." *Id.* at ¶ 24.

The Hotbox Defendants now move to Dismiss under Fed. R. Civ. P. 12(b)(6) for failing to state a claim for relief. ECF 29.[3]

## STANDARDS

**I.    Rule 12(b)(6) motion to dismiss.**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And under Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013).

The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[3] Defendant Dusty B has not separately moved to dismiss or joined in the Hotbox Defendants' Motion. *See* Answer, ECF 28.

PAGE 4 – FINDINGS AND RECOMMENDATION

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *see also Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. "Rule 8 does not empower [the] respondent to plead the bare elements of his cause of action . . . and expect his complaint to survive a motion to dismiss." *Iqbal*, 556 U.S. at 687.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also CallerID4u, Inc. v. MCI Commc'ns Servs. Inc.*, 880 F.3d 1048, 1061 (9th Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citations omitted); *Teixeira*, 873 F.3d at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. When a plaintiff's complaint pleads facts that are "merely consistent with" a defendant's liability, the plaintiff's complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

If a Rule 12(b)(6) motion is granted and "the complaint is dismissed, leave to amend should be granted unless the court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Morrow Equip. Co., LLC v. Stonebridge, Inc.*, 613 F. Supp. 3d 1355, 1356 (D. Or. 2020) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A]

PAGE 5 – FINDINGS AND RECOMMENDATION

district court may dismiss without leave [to amend] where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

## II.  Oregon's Employer Liability Law (ELL) and negligence per se.

Oregon's Employer Liability Law (ELL) "imposes a heightened statutory standard of care on a person or entity who either is in charge of, or responsible for, any work involving risk or danger." *Woodbury v. CH2M Hill, Inc.*, 335 Or. 154, 159 (2003). It does not create a cause of action, rather, "an action under the ELL is 'an action for negligence with a higher standard of care.'" *Harrison v. Vale Oregon Irrigation Dist.*, No. 2:23-cv-00334-HL, 2024 WL 1343123, at *5 (D. Or. Mar. 29, 2024) (quoting *Miller v. Goodyear Tire & Rubber Co.*, 434 F. Supp. 3d 877, 882 (D. Or. 2020)). "[A] violation of the [ELL] is negligence per se." *Skeeters v. Skeeters*, 237 Or. 204, 217 (1964) (en banc). "[I]t is not any random violation of the statutory duty which will make the employer liable, but violation by inadequate performance of a duty which, if properly performed, would have prevented the injury." *Id.*

### A.  Right to control and actual control.

"The ELL applies both to direct and indirect employers." *Thom v. Rokstad Power Inc.*, No. 3:23-cv-00454-AN, 2023 WL 4975963, at *1 (D. Or. Aug. 2, 2023). Indirect employers can be liable under three theories: (1) common enterprise, (2) retained right to control, or (3) actual control. *Id.* (citing *Woodbury*, 335 Or. at 160).

As relevant here, "[t]o establish that defendant 'retains a right to control,' plaintiff 'must identify some source of legal authority for that perceived right." *Harrison*, 2024 WL 1343123, at *5 (citing and quoting *Boothby v. D.R. Johnson Lumber Co.*, 341 Or. 35, 41 (2006)). "'Actual control' requires 'active, on-site participation' that demonstrates that 'defendant there actually controlled the risk-producing activity.'" *Id.* (citing and quoting *Yeatts Whitman v. Polygon Nw.*

PAGE 6 – FINDINGS AND RECOMMENDATION

*Co.*, 360 Or. 170, 183 (2016)); *see also Quirk v. Skanska USA Bldg., Inc.*, No. 3:16-cv-0352-AC, 2018 WL 2437537, at *14 (D. Or. May 30, 2018) (explaining that "an indirect employer need not exercise actual control over a subcontractor's specific task; it is enough if it actually controls the work involving risk or danger as a whole"). Under either theory, the indirect employer must "hav[e] charge of, or responsibility for" the work involving a risk or danger. ORS § 654.305. For example, "[i]n order for an owner to be subject to the duties imposed by the statute he must be one 'having charge of, or responsible for' the work." *Wilson v. Portland Gen. Elec. Co.*, 252 Or. 385, 390 (1968), *overruled in part on other grounds by Yeatts Whitman*, 360 Or. at 185–92.

      **B.**      **ELL claims based on ORS § 654.305.**

ORS § 654.305 provides that, subject to certain limitations, "all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger to the employees . . . shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb . . . ." *See also Yeatts Whitman*, 360 Or. at 179 (citing and quoting ORS § 654.305) (explaining that the statute "imposes liability on 'all owners, contractors or subcontractors and other persons having charge of or responsibility for' work involving a risk or danger").

      **C.**      **ELL claims based on ORS § 654.310.**

The ELL also provides that:

> All owners, contractors, subcontractors, or persons whatsoever, engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure, or in the erection or operation of any machinery, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance, shall see that all places of employment are in compliance with every applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business

  Services pursuant to ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780.

ORS § 654.310.

  In short, a plaintiff must demonstrate that a defendant "violated an 'applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services pursuant to ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to 654.780.'" *Anderson v. Intel Corp.*, No. 3:20-cv-02138-AC, 2021 WL 1401492, at *10 (D. Or. Apr. 14, 2021) (quoting and applying ORS § 654.310).

### III. Negligence.

  To establish negligence under Oregon common law, a plaintiff must prove that the defendant's conduct "created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff." *Sloan ex rel. Sloan v. Providence Health Sys.-Or.*, 364 Or. 635, 643 (2019); *Stewart v. Jefferson Plywood Co.*, 255 Or. 603, 609 (1970) (explaining that, under Oregon law, an actor is negligent if he "ought reasonably to foresee that he will expose another to an unreasonable risk of harm"). However, "liability in negligence does not extend to every failure to prevent a foreseeable injury," rather "'a status, a relationship, or a particular standard of conduct' may 'create, define, or limit' a defendant's duty to act." *Boothby*, 341 Or. at 46 (cleaned up) (quoting *Fazzolari ex rel. Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (1987)).

  "[A]s a general rule, a person who hires an independent contractor is not liable to the contractor's employees for injuries that they sustain while performing contracted work[.]" *Id.* (citing *Warner v. Synnes*, 114 Or. 451, 458 (1924)). And "a person's liability in negligence for work involving a risk or danger is generally no more extensive than [their] liability for that work under the ELL." *Id.*; *see also Howard v. Foster & Kleiser Co.*, 217 Or. 516, 533 (1958) (en banc)

PAGE 8 – FINDINGS AND RECOMMENDATION

("If recovery cannot be had in this case under the [ELL], it follows that none is available under the common-law rule of due care."). Indeed, the ELL imposes a higher standard of care on employers than does the common law. *Yeatts Whitman*, 360 Or. at 196–97.

## DISCUSSION

For the reasons discussed below, Plaintiff's Complaint fails to state a claim for relief, and the Hotbox Defendants' Motion to Dismiss should be GRANTED. But Plaintiff should be allowed leave to amend.

**I.    Negligence per se under ORS § 654.305.**

Plaintiff alleges that Hotbox Farms and SNJ are liable under ORS § 654.305 as indirect employers under two theories: first, that they retained the right to control the work, and second, that they actually controlled the work.[4] Resp. 4, 7. But Plaintiff failed to plead sufficient facts in support of either theory.

Plaintiff's Complaint alleges that one or both of Hotbox Farms and SNJ owned the Cookies Ontario project. SAC ¶ 2. And it alleges that they retained the right to control—and actually controlled—the work or instrumentality causing harm to Plaintiff. *Id.* at ¶¶ 13, 14. These conclusory allegations, standing alone, are insufficient to demonstrate either right to control or actual control. *See Iqbal*, 556 U.S. at 678. Although the Complaint also lists six ways in which those defendants were negligent, *id.* at ¶ 15, it offers no additional facts from which this Court can infer that either defendant retained the right to—or actually exercised—control over the work beyond their ownership of the project. Specifically, it does not demonstrate that either defendant had charge of or responsibility for the excavation that subsequently collapsed and

---

[4] Plaintiff withdrew the allegation that his employer and defendants were engaged in a common enterprise. Resp. 4.

PAGE 9 – FINDINGS AND RECOMMENDATION

injured Plaintiff. Because ownership alone is insufficient to establish liability under an indirect employer theory, this Court finds that the Complaint fails to state a claim for negligence per se under ORS § 654.305.

## II. Negligence per se under ORS § 654.310.

Hotbox Farms and SNJ argue that, because the Complaint fails to plead sufficient facts to establish their liability as indirect employers, the claim brought under ORS § 654.310 should also be dismissed. Mot. to Dismiss 5, ECF 29. This Court agrees.

"[ORS] § 654.310 imposes indirect employer liability under the ELL to the same extent and employing the same analysis as [ORS] § 654.305." *Anderson*, 2021 WL 1401492, at *10 (citing cases). Thus, where a plaintiff has established that a defendant is an indirect employer under ORS § 654.305, stating a claim under ORS § 654.310 requires the plaintiff to allege that the defendant "violated an 'applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services.'" *Quirk*, 2018 WL 2437537, at *25 (quoting ORS § 654.310).

As discussed above, Plaintiff has failed to include sufficient facts to demonstrate that Hotbox Farms or SNJ are indirect employers. And citing various federal and state safety codes that Defendants allegedly violated does not correct that. Therefore, this Court finds that Plaintiff has also failed to state a claim for negligence per se under ORS § 654.310.

## III. Negligence against Hotbox Farms and SNJ.

Hotbox Farms and SNJ argue that the Complaint "is devoid of any facts establishing a basis for holding" them responsible for the claimed instances of negligence. Mot. to Dismiss 6. Again, this Court agrees.

As noted, the general rule is that a person who hires an independent contractor is not liable to the contractor's employees for injuries that they sustain while performing contracted work. *Boothby*, 341 Or. at 46. Here, this general rule would apply because the only non-conclusory allegations against Hotbox Farms and SNJ are that they were the owners of the Cookies Ontario project, that they hired Dusty B as general contractor for the project, and that Warrenton Construction was the subcontractor who employed Plaintiff. SAC ¶¶ 2, 4–5. While there are exceptions to this general rule, such as when an owner provides an unsafe worksite, *see, e.g.*, *Boothby*, 341 Or. at 46, there are no facts pleaded here that would demonstrate that any such exception applies. And, for reasons discussed above, the Complaint does not contain factual allegations regarding the Parties' relationship and the level of control exercised. Thus, the Complaint fails to state a claim for negligence against Hotbox Farms and SNJ.

## IV.     Negligence against Meland.

Meland argues that, because the Complaint lacks detail regarding his role as a member of SNJ and Hotbox Farms and relies on conclusory allegations, it fails to state a claim for negligence. Mot. to Dismiss 6. This Court agrees.

The only non-conclusory factual allegations regarding Meland are that he was a member of Hotbox Farms and SNJ, and that he allowed work to proceed on the project *without* the supervision of a general contractor. Compl. ¶¶ 3, 24a. These allegations are insufficient to demonstrate his liability for a subcontractor's actions as a member of two LLCs who owned the property. Plaintiff's Response argues that the allegations demonstrate that he "took on the role of general contractor for" the portion of the project at issue. Resp. 11. But the Complaint does not contain any such allegation or description of Meland's role in the project beyond that he was a member of Hotbox Farms and SNJ. It does not describe Meland's role in the construction of the

PAGE 11 – FINDINGS AND RECOMMENDATION

Cookies Ontario project nor provide additional information from which his role could be inferred. Therefore, this Court finds that the Complaint fails to state a claim for negligence against Meland.

## V. Leave to amend.

The Hotbox Defendants argue that granting Plaintiff leave to amend his Complaint would be futile, and that the Complaint should therefore be dismissed with prejudice. Reply. in Supp. 7, ECF 34. This Court disagrees.

Leave to amend should be denied as futile—and the claim dismissed with prejudice—when there is no set of facts that can be proved to constitute a valid claim. *Malheur Forest Fairness Coal. v. Iron Triangle, LLC*, 699 F. Supp. 3d 1086, 1120 (D. Or. 2023). Based on the Court's review of Plaintiff's Response, this Court finds that leave to amend would not be futile. Plaintiff may be able to allege facts in an amended complaint that would address the deficiencies identified above. Plaintiff describes additional factual allegations that he believes demonstrate that the Hotbox Defendants exercised control over the construction site. *See* Resp. 2–3. For example, Plaintiff describes additional details about Meland's role in the project, its consequences, and his relationship with Hotbox Farms and SNJ. *Id.* at 3. Plaintiff requests that he be allowed to incorporate those facts. *Id.* at 3. Based on those representations, amendment would not be futile, and Plaintiff should be granted leave to file an amended complaint.

## RECOMMENDATION

The Hotbox Defendants' Motion to Dismiss, ECF 29, should be GRANTED. Plaintiff should be granted leave to file an amended complaint addressing the deficiencies identified in this Findings and Recommendation.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 14th Day of May, 2025.

ANDREW HALLMAN
United States Magistrate Judge